## UNITED STATES DISTRICT COURT FOR THE STATE OF MARYLAND
### Civil Division

| | |
|---|---|
| XUAN TRUONG | ) |
| 6014 Madison Overlook Court, | ) |
| Falls Church, VA 22041 | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )     Case No.: |
| | ) |
| KAISER PERMANENTE | ) |
| 2101 E. Jefferson St. | ) |
| Rockville MD 20852 | ) |
| | ) |
| Defendant | ) |
| | ) |
|     and | ) |
| | ) |
| PLACEHOLDER FOR UNION | ) |
| Codefendant | ) |
| | ) |

## COMPLAINT

Plaintiff Xuan Truong, by and through his by counsel Dipo Akin-Deko, hereby submits this complaint against the Defendant Kaiser Permanente, to recover damages under Section 1983 of the 1866 Civil Rights Act and Title VII et. seq., Maryland Fair Employment Practices Act (MFEPA) and other damages as set forth below

### JURISDICTION AND VENUE

1.     Plaintiff is a Virginia citizen, residing in Falls Church, Virginia.

2.     Defendant is a corporation registered to do business in and has a principle place of business in Rockville, Maryland.

3.     Plaintiff brings this action under Title of the 1964 Act, the 1866 Act, and Maryland Fair Employment Act and for wrongful termination.

4.     This Court has general jurisdiction pursuant to the following statutes

   a.   28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

   b.   28 U.S.C. §1343 (3) and (4) which gives district courts jurisdiction over actions to secure civil rights extended by the United States government;

   c.   28 U.S.C. § 1367, which gives the district court supplemental jurisdiction over state law claims.

5.     Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the residence of the principle defendant is located in this district.

## GENERAL ALLEGATIONS

6.     Plaintiff is a citizen of Virginia of Vietnamese national origin.

7.     Plaintiff is 52-years-old and was 51-years-old at the time of termination.

8.     Plaintiff was employed as Lead Mammographer at Kaiser Permanente (hereafter Defendant) in Reston, Virginia.

9.     In April of 2017, Plaintiff was asked by her new Director to inform him of any problems or issues Complainant may have experienced.

10.    Plaintiff responded to him in both oral and written communication. (See Exhibit 1)

11.    Plaintiff informed him of both discriminatory practices that she had witnessed and discriminatory practices she had experienced.

12.     Plaintiff's discriminatory experience was based on national origin and ethnicity. Specifically, Plaintiff expressed concern about the forcing out of foreign-born non-white employees who were over the age of 50.

13.     Plaintiff also expressed concern about her workload, citing it as an impetus for her physical injury.

14.     In May of 2017, through Plaintiff's direct supervisor, Defendant began retaliating against Plaintiff.

15.     Defendant's retaliation was a direct result of Plaintiff's protected statements to the Director.

16.     Plaintiff is aware that her Supervisor's actions were based on her reports to the Director because Supervisor cited her reports to the Director concerning workload. (Exhibit 2)

17.     Plaintiff's Supervisor denied her needed and statutorily guaranteed medical leave for a doctor's visit. (Exhibit 3)

18.     Defendant retaliated against Plaintiff again by disciplining her two weeks after her seeing her medical provider and seeking termination against Plaintiff.

19.     Plaintiff's work caused and/or exacerbated her shoulder injury for which she needed medical attention.

20.     Plaintiff's injury was work related and could potentially be a worker's compensation matter.

21.     Defendant had reason to know Plaintiff's injury was work related and could lead to a worker's compensation matter.

22.     Plaintiff provided Defendant notice that she would need to see a specialist for her shoulder injury. (Exhibit 4)

23.    On April 19th, Plaintiff requested to leave by 2:45pm for an April 25th, 2017 appointment. (Exhibit 5)

24.    The April 25, 2017 appointment was for the purpose of evaluating Plaintiff's shoulder injury.

25.    Radiology Supervisor, April Rising, denied Plainttif's request citing "business needs." (Exhibit 6)

26.    Consequently, in May of 2017, Plaintiff's shoulder injury further exacerbated.

27.    Plaintiff scheduled another appointment for her shoulder for May 26, 2017.

28.    Plaintiff requested time off for the appointment pursuant to Family Medical Leave Act.

29.    Plaintiff had FMLA time-off available.

30.    The appointment would not be available for reschedule until July, nearly two months later.

31.    If Plaintiff waited until July, the wait could have led to prolonged and irreversible damage.

32.    Defendant denied Plaintiff's request off for the May 26, 2017 appointment. (Exhibit 6)

33.    In violation of Family Medical Leave, Defendant prevented employee from seeking proper medical attention when she had time-off available.

34.    Plaintiff's doctor emailed Supervisor Rising explaining it was medically necessary Plaintiff keep her appointment.

35.    After the email from Plaintiff's doctor, Plaintiff was granted leave for the appointment.

36.    In June of 2017, Plaintiff was disciplined for leaving shift without approval for the May 26th appointment.

37.    The discipline was two weeks after Plaintiff had gone to see her physician.

38.     Plaintiff had in fact contacted her Director, Supervisor and the compliance office prior to going to her doctor's visit.

39.     Plaintiff was never told that attending a medically necessary doctors visit would lead to discipline nor was any discipline given immediately upon her return.

40.     Physician diagnosed Plaintiff with a shoulder condition that would constitute a certified disability under the Americans with Disability Act.

41.     Plaintiff notified Defendant of the diagnoses.

42.     Plaintiff requested to be placed on light duty as a reasonable accommodation per her physician's recommendation.

43.     Defendant refused to provide Plaintiff with the accommodation.

44.     Defendant instead disciplined Plaintiff by placing Plaintiff on Administrative Leave without pay on June 8, 2017.

45.     Defendant retaliated against the Plaintiff once it was put on notice that she had a certified disability under the ADA.

46.     Defendant penalized Plaintiff by docking her pay for her appointment, and creating a hostile work environment in retaliation for reporting a workplace injury.

47.     In accordance with Title VII of the Civil Rights Act, Plaintiff is protected against suffering discrimination because of her race.

48.     Defendant treated Plaintiff differently than other non-Asian employees in similar circumstances.

49.     Plaintiff, and other foreign born non-whites, are disciplined for false or arbitrary reasons and forced to resign or retire.

50.     Defendant placed Plaintiff on Administrative Leave.

51.     The Administrative Leave was in retaliation for Plaintiff's complaints to management and for Plaintiff taking time off for her appointment.

52.     Defendant never informed Plaintiff when administrative leave expired.

53.     Defendant never informed Plaintiff when FMLA activated.

54.     Defendant never informed Plaintiff when FMLA expired.

55.     Therefore, Plaintiff was never on notice that she was granted, started and exhausted FMLA.

56.     Plaintiff found out about her FMLA status once the time had expired and Defendant threatened to terminate her for missing work.

57.     Defendant terminated Plaintiff.

58.     Plaintiff attempted reprieve through her union.

59.     Union acted in bad faith or arbitrary manner by not pursuing Plaintiff's meritorious claim.

60.     Union breached its duty to fairly represent Plaintiff's interests under the collective bargaining agreement.

61.     Because of the Defendant's actions and the Union's breach of duty, Plaintiff has suffered damages in lost wages, physical injury, and pain and suffering.

## COUNT I
### Violation 1964 Civil Rights Act Tile VII-National Origin

62.     Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

63.     Plaintiff is of Vietnamese origin and is in a protective class under TITLE VII of the 1964 Federal Civil Rights Act.

64.     Defendant unlawfully discriminated against the Plaintiff based on her national origin by denying Plaintiff leave when she had leave available to mitigate damage caused and/or exacerbated by work related activities.

65.     Defendant treated Plaintiff differently than similarly situated employees without Plaintiff's national origin.

66.     Defendant's conduct was a violation of Title VII and has caused Plaintiff to suffer lost wages, earning potential and emotional anguish.

## COUNT II
### Violation Title VII-Race

67.     Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

68.     Plaintiff is an Asian American and is in a protective class under TITLE VII of the 1964 Federal Civil Rights Act.

69.     Defendant unlawfully discriminated against the Plaintiff based on her national origin by denying Plaintiff leave when she had leave available to mitigate damage caused and/or exacerbated by work related activities.

70.     Defendant treated Plaintiff differently than similarly situated employees that do not identify with Plaintiff's race.

71.     Defendant's conduct was a violation of Title VII and has caused Plaintiff to suffer lost wages, earning potential and emotional anguish.

## COUNT III
### Violation Title VII-Hostile Work Environment Based on National Origin

72.     Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein

73.     Defendant engaged in creating an unlawful hostile work environment by retaliating against Plaintiff for expressing concerns regarding older, Asian-Americans being pushed out of the company.

74.     Defendant further engaged in hostile work environment by requiring Plaintiff to work with an injury caused by and/or exacerbated by work without allowing medical examination.

75.     Defendant further engaged in hostile work environment by requiring Plaintiff to work with an injury caused by and/or exacerbated by work without accommodation. "Hostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct…. Such claims are based on the cumulative effect of individual acts." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002).

76.     Defendant's conduct was a violation of Title VII and has caused Plaintiff to suffer lost wages, earning potential and emotional anguish.

**COUNT IV**
**Violation Title VII- Retaliation**

77.     Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

78.     Plaintiff is in a protected class under TITLE VII of the 1964 Act.

79.     After Plaintiff complained about discrimination, Defendant required Plaintiff to work with an injury caused by and/or exacerbated by work.

80.     Furthermore, Defendant denied Plaintiff's leave when she had leave available for a medically necessary examination.

81.     Defendant placed Plaintiff on Administrative Leave for her visit to the physician after permitting her visit.

82.     Defendant's actions constitute adverse employment action against Plaintiff for engaging in protected activity.

83.     Defendant's actions werein retaliation of her complaint.

84.     Due to Plaintiff's complaint, Plaintiff was retaliated against and has suffered damages.

## COUNT V
### Americans with Disabilities Act 42 USCS §12101- Reasonable Accommodation

85.     Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

86.     Plaintiff is in a protective class under Americans with Disabilities Act U.S.C. § 12101.

87.     Defendant was required to provide Plaintiff with reasonable accommodation when requested.

88.     Defendant failed to provide Plaintiff with reasonable accommodation when requested.

89.     Due to Defendant's failure to observe its legally required duty, Plaintiff suffered damage.

## COUNT VI
### Americans with Disabilities Act 42 USCS §12101- Hostile Work Environment

90.     Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

91.     Plaintiff is in a protective class under Americans with Disabilities Act U.S.C. § 12101.

92.     Defendant engaged in creating an unlawful hostile work environment by retaliating against Plaintiff for expressing concerns regarding older, Asian-Americans being pushed out of the company.

93.     Defendant further engaged in hostile work environment by requiring Plaintiff to work with an injury caused by and/or exacerbated by work without allowing medical examination.

94.     Defendant further engaged in hostile work environment by requiring Plaintiff to work with an injury caused by and/or exacerbated by work without accommodation.

95.      Due to Defendant's hostile work environment, Plaintiff's condition worsened and

Plaintiff suffered further damages.


**COUNT VII**
**Americans with Disabilities Act 42 USCS §12101- Retaliation**

96.      Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

97.      Plaintiff is an employee with a disability under the Americans with Disabilities Act.

98.      Plaintiff took approved leave to see a physician regarding an injury caused by and/or

exacerbated by work.

99.      After Plaintiff took approved leave, Defendant placed Plaintiff on administrative leave

without pay.

100.    Defendant subsequently terminated plaintiff without notice.

101.    Defendant's actions caused plaintiff's damages of lost wages, pain and suffering.


**COUNT VIII**
**Maryland Fair Employment Practices Act - Retaliation**

102.    Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

103.    Plaintiff was an employee of Defendant.

104.    Plaintiff's injury was caused by and/or exacerbated by Plaintiff's work with the

Defendant.

105.    Defendant was aware of Plaintiff's injury.

106.    Defendant terminated Plaintiff, at least in part, because of Plaintiff's potential worker's

compensation claim.

## COUNT IX
## Maryland Fair Employment Practices Act – Discrimination

107.    Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

108.    Plaintiff is of Vietnamese origin and is in a protective class.

109.    The discrimination Plaintiff suffered was based, in part or in whole, on her physical characteristics shared with the other Asian Americans that have been systematically terminated.

110.    Defendant unlawfully discriminated against the Plaintiff based on her national origin by denying Plaintiff leave when she had leave available to mitigate damage caused and/or exacerbated by work related activities.

111.    Defendant treated Plaintiff differently than similarly situated employees without Plaintiff's national origin.

112.    Defendant intended this discrimination.

113.    Defendant's conduct was a violation of law and has caused Plaintiff to suffer lost wages, earning potential and emotional anguish.

## COUNT X
## Violation of Section 1981 – Race

114.    Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

115.    Plaintiff is an Asian American and is in a protective class.

116.    The discrimination Plaintiff suffered was based, in part or in whole, on her physical characteristics shared with the other Asian Americans that have been systematically terminated.

117.    Defendant unlawfully discriminated against the Plaintiff based on her race by denying Plaintiff leave when she had leave available to mitigate damage caused and/or exacerbated by work related activities.

118.    Defendant treated Plaintiff differently than similarly situated employees that do not identify with Plaintiff's race.

119.    Defendant intended the discrimination.

120.    Defendant's conduct was a violation of 1966 Civil Rights Act and has caused Plaintiff to suffer lost wages, earning potential and emotional anguish.

## COUNT XI
### Negligence

121.    Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

122.    Negligence is the breach of a reasonably foreseeable duty owed to the Plaintiff that actually and proximately caused her injury.

123.    Defendant owed a duty of reasonable care to Plaintiff.

124.    Defendant breached this duty by requiring Plaintiff to work with an injured shoulder without accommodation or allowing her to seek medical evaluation.

125.    This breach exacerbated Plaintiff's injury.

126.    But for this breach, Plaintiff would have sought help sooner and would have had an accommodation to help heal the injury.

127.    Because of this breach, Plaintiff suffers physical, mental and emotional damages.

## COUNT XII
### Wrongful Termination

128.    Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

129.    Plaintiff was an employee of Defendant.

130.    Plaintiff experienced adverse employment action because she was placed on administrative leave and was subsequently terminated from her employment with Defendant.

131.   The action against plaintiff was, in part or in whole, attributed to her ethnicity, race, age, physical ailments developed on the job, union participation, and the protected activity of discrimination complaints.

132.   Plaintiff's protected conduct was a motivating or substantial factor in Defendant's decision to take the adverse employment action against Plaintiff as detailed in Paragraphs 6 through 61.

### COUNT XIII
### Violation of Duty to Represent under Labor Management Relations Act

133.   Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

134.   Plaintiff sought redress through Union.

135.   Union breached its duty to fairly represent Plaintiff.

136.   Union acted in bad faith or arbitrary manner in breaching its duty to fairly represent Plaintiff.

137.   Plaintiff suffered further damages because of Union's breach of duty.


WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendant's providing the following relief:

(a)   Compensatory damages in the form of loss wages in the amount provable at the time of trial.

(b)   Compensatory damages in the form of front pay amount provable at the time of trial.

(c)   Damages for emotional anguish, pain and suffering in the amount of $135,000.

(d)   Punitive/Exemplary damages against the Defendant in the amount of $250,000 exclusive of costs and interest, that Plaintiff is found to be entitled.

(f)      An award of interest, costs, and reasonable attorney's fees;

(g)      Take other appropriate nondiscriminatory measures to overcome the above

described discrimination; and

(h)      Such other and further relief as the Court deems appropriate.


Respectfully submitted,

BY:/s/ <u>Dipo Akin-Deko Esq</u>
Dipo Akin-Deko
Bar #: 28839
Akin-Deko Professional Services Firm PLLC
6551 Loisdale Ct, Suite 750
Springfield, VA 22150
(703) 566-6145

## UNITED STATES DISTRICT COURT FOR THE STATE OF MARYLAND
### Civil Division

| | |
|---|---|
| XUAN TRUONG ) | |
| 6014 Madison Overlook Court, ) | |
| Falls Church, VA 22041 ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | Case No.: |
| ) | |
| KAISER PERMANENTE ) | |
| 2101 E. Jefferson St. ) | |
| Rockville MD 20852 ) | |
| ) | |
| Defendant ) | |
| ) | |
|     and ) | |
| ) | |
| PLACEHOLDER FOR UNION ) | |
| Codefendant ) | |
| ) | |

## JURY DEMAND

Plaintiff herein hereby demands jury on all issues as a matter of law.


Respectfully submitted,

BY:/s/ Dipo Akin-Deko Esq
Dipo Akin-Deko
Bar #: 28839
Akin-Deko Professional Services Firm PLLC
6551 Loisdale Ct, Suite 750
Springfield, VA 22150
(703) 566-6145